UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
AT NEW ALBANY

UNITED STATES OF AMERICA                                                                    PLAINTIFF

CAUSE NO. 4:16-CR-00009-TWP
*Electronically Filed*

V.

DAVID THEIRING                                                                                    DEFENDANT

## DEFENDANT'S SENTENCING MEMORANDUM

\*      \*      \*

Comes the Defendant, DAVID THEIRING, by counsel, and files this memorandum in support of his arguments for a reasonable sentence pursuant to 18 U.S.C. Section 3553(a).

As this Court is aware, it is required to apply the provisions of 18 U.S.C. Section 3553 in order to impose a sentence that is sufficient, but not greater than necessary in order to accomplish the goals of sentencing.  Those are:  to achieve just punishment, reflect the seriousness of the offense, promote respect for the law, deter the defendant and others from future crime, protect the public, and provide education and treatment, when needed, in the most effective manner.  In determining this sentence, the Court must consider the nature of the offense, the history and characteristics of the defendant, the sentencing guidelines and policy statements, the need to avoid unwarranted disparities among similarly situated defendants, and the need to provide restitution (if applicable).  See 18 U.S.C. Section 3553 (a) (1, 3-7).

The Presentence Investigation Report and the parties' Plea Agreement both calculate the Defendant's Total Offense Level at 28.  The Report established the Defendant's Criminal History Category at II, providing for a guideline sentencing range of imprisonment at 87 to 108 months.

The Plea Agreement [DN 92] is governed by Federal Rule of Criminal Procedure 11 (c)(1)(B) and this Court has the discretion to impose a sentence higher or lower than the recommendation of either party. The United States agreed to recommend a sentence at the low end of the guideline range as determined by the Court. The Defendant is entitled to present evidence and arguments to the Court in support of a sentence that he believes to be appropriate.

As stated in <u>Pepper v. United States</u>, 562 U.S. 476, 487, 131 S.Ct.1229, 1240 (2011):

> "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon v. United States, 518* U.S. 81, 113, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). Underlying this tradition is the priniciple that "the punishment should fit the offender and not merely the crime." *Williams*, 337 U.S., at 247, 69 S.Ct. 1079; see also *Pennsylvania ex rel. Sullivan v. Ashe,* 302 U.S. 51, 55, 58 S.Ct. 59, 82 L.Ed. 43 (1937) ("For the determination of sentences, justice generally requires consideration of more than the particular acts by which the crime was committed and that there be taken into account the circumstances of the offense together with the character and propensities of the offender").

Obviously the most significant aspect of the Defendant's character and personal history is his mental diagnosis. All of the forensic psychological evaluations of Mr. Theiring, (beginning with his examination by Judith (Betsy) Campbell, Ph.D. at FMC Lexington; then by Ashley K. Christiansen, Ph.D., ABPP at USMCFP Springfield; followed by Allison Schenk, Ph.D. at MCC Chicago; as well as by Eric Y. Drogin, J.D., Ph.D., ABPP, the expert retained by the Defendant were in agreement with his diagnosis of Delusional Disorder, Grandiose Type (also Cannabis Use Disorder, in a controlled environment), per the Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition (DSM – 5).

It is significant that this chronic mental illness had not been diagnosed and addressed by any mental health professional until after Mr. Theiring's incarceration on his current charges in

the Spring of 2016. It is of consequence in giving consideration to the proper sentence to impose on Mr. Theiring that "he never had a problem following the rules" at USMCFP Springfield, as stated by Dr. Christiansen in her testimony during the Competency Hearing in this Court on November 15, 2017. Furthermore, she informed the Court and counsel that the Defendant exhibited no bizarre or disruptive behaviors. It is submitted that notwithstanding the severity of his delusional disorder Mr. Theiring is capable of participating in treatment programs, which is one of the considerations of sentencing, 18 U.S.C. Section 3553(a)(1)(D).

Although this Court must give respectful consideration to the Guidelines, *United States v. Booker* 543 U.S. 200, 125 S.Ct. 738 (2005) and subsequent opinions of the Supreme Court permit this Court "to tailor the sentence in light of other statutory concerns as well, "*Kimbrough v. United States*, 552 U.S. 85, 101, 128 S.Ct. 558 (2007). As this Court is aware, this is accomplished by determining "the kinds of sentence and the guideline range as set forth in the guidelines" (U.S.S.G. Section 1B1.1(a)) and then after taking into consideration, "without limitation, any information concerning the background, character and conduct of the defendant" (1B1.4), whether a departure from the guidelines is warranted.

The Defendant understands that this Court is cognizant of the need to protect the public and to deter Mr. Theiring from committing further offenses, but that effective education and treatment of the offender also are among the goals of sentencing. It is submitted that this can be accomplished by a downward departure in Mr. Theiring's offense level from 28 to 20 (in which the sentencing range is 37 to 46 months) coupled with the imposition of "Special" Conditions of supervised release.

Mr. Theiring will have been in federal custody for approximately 34 months when he is sentenced by the Court.

This Court may order a term of supervised release of three years for Mr. Theiring and in conjunction with other discretionary conditions, require the Defendant to reside in a community treatment center, halfway house or similar facility (U.S.S.G. Section 5D1.3(e)).  Among the "Special" Conditions specifically addressed by U.S.S.G. Sections (d)(4) and (5) are requirements that the Defendant "participate in a program approved by the United States Probation Office for substance abuse and psychological or psychiatric treatment."

Residential Reentry Centers in Louisville and Indianapolis associated with the Bureau of Prisons may be utilized by United States Probation so that Mr. Theiring is housed in this type of facility as a condition of his supervision.  As this Court is aware, Residential Reentry Centers are accountable (per the Bureau of Prisons website: www.bot.gov/about/facilities/residential_reentry_management_centers.jsp).  "In-house counts are conducted throughout the day at scheduled and random intervals; a resident is only authorized to leave through sign-out procedures for approved activities; during the approved activity the resident's location and movements are constantly monitored; when the resident returns he may be given a random drug and alcohol test."

WHEREFORE, the Defendant requests this Court to impose a reasonable sentence in the Defendant's case, which is sufficient, but not greater than necessary, in order to accomplish the goals of sentencing.

    Respectfully submitted,

    s/Larry D. Simon
    Larry D. Simon
    Attorney for Defendant David Theiring
    The Kentucky Home Life Building
    239 South 5th Street – Suite 1700
    Louisville, KY 40202-3248
    (502)589-4566

## **CERTIFICATE**

It is hereby certified that a copy of the foregoing was electronically filed through ECF System, which will send electronic notice to counsel or record on this the 19th day of March, 2019.

s/Larry D. Simon<br>
Larry D. Simon