UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| V. | ) CAUSE NO. 4:16-cr-00009-TWP-VTW |
| DAVID THEIRING, | ) ) ) |
| Defendant. | ) ) |

## GOVERNMENT'S SENTENCING MEMORANDUM

COMES NOW the United States of America, by counsel, Josh J. Minkler, United States Attorney for the Southern District of Indiana, and Lauren Wheatley, Assistant United States Attorney, and herein submits the following sentencing memorandum:

### I.     Procedural History

On May 26, 2016, David Theiring was charged by Indictment with two counts of possessing a destructive device in violation of Title 26, United States Code, Section 5861(d) and one count of felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1).  On June 7, 2016, the Court held a detention hearing and detained Theiring. On January 4, 2019, a Petition to Enter Plea of Guilty and Plea Agreement was filed with the Court.  Probation disclosed the presentence report to the parties.  The government has no objections to the report.

The government now sets forth its basis for a sentence at the low end of the guideline range determined by the Court.[1] For the reasons noted below, the government believes a term of imprisonment of 87 months is the appropriate sentence in this case.

## II.     18 U.S.C. § 3553(a) Factors

The factors set forth in § 3553(a) support a term of imprisonment of 87 months for Defendant.

### a.  Nature and Circumstances of the Offense

On Sunday, March 6, 2016, at approximately 1:00am, an improvised explosive device in the form of a pipe bomb was detonated outside the Madison, Indiana Police Department. The event occurred on the sidewalk on the east side of Central Avenue, beside the parking area for the police department. No one was injured and no property was damaged, though the bomb was detonated close to police vehicles.

On Wednesday, March 16, 2016, at approximately 2:50am, an improvised explosive device in the form of a pipe bomb was detonated outside the residence of Jefferson County Indiana Superior Court Judge Michael Hensley, in Madison, Indiana. Judge Hensley, his wife, and his son all heard a loud bang, but thought it was thunder or something related to the current construction of an addition onto their home. Later investigation revealed the remnants of a pipe bomb detonated in the driveway of Judge Hensley.

The Bureau of Alcohol, Tobacco, Firearms and Explosives (BAFTE) was called to assist with the investigation. Numerous items of evidence were collected at both scenes for processing and to collect DNA.

---

[1] Based on a total offense level of 28 and a criminal history category of II, the guideline range is 87-108 months.

On March 18, 2016, Madison Police Department received information that David Theiring may be a potential person of interest in the recent bombings. Two employees of the Jefferson County, Indiana Assessor's Office relayed that Theiring had written some unusual letters indicating that he did not think he should be required to pay taxes because his home was a church. The employees were also aware that court proceedings had recently taken place to evict Theiring from the trailer he lived in. The employees indicated that Theiring had posted some anti-government statements on his Facebook page.

Investigators had previously dealt with Theiring regarding an incident at Belterra Casino Resort and Spa in Florence, Indiana. Investigators then reviewed Theiring's public Facebook page and noticed several references to Judge Michael Hensley, Madison Police Department, and the Jefferson County Sheriff's Department.

Theiring's Facebook posts related to the Madison, Indiana police department had become more frequent and more threatening in nature over the past several months. Numerous Facebook posts were posted on the Madison Police Department's public Facebook page from Facebook user David Theiring, as well as posts that Theiring posted on his own public Facebook page. The posts included talking about death, boom, and fire.

On March 18, 2016, the Jefferson County Sheriff's Department informed SACES Wamsley that the Department had received several Facebook chat messages from Theiring on the Department's Official Facebook page. The following are some excerpts of multiple messages sent to the Jefferson County Sheriff's Department by Theiring:

- "I want you to have your proof that I'm not the Lord before you show up at my house"
- "I really am jesus"
- "there is something happing to me, and its not a medical condition or anything like that, its on a larger scale, your denial is the problem"

3

- "the government has taken interest in my work! for a reason!. Now you should do the same thing they are doing, and find out why!"
- "I am the lamb" (with a picture of Theiring holding a poster saying DO NOT OPEN)
- "Thats why Washington watches me, they know this already"
- "I cant control it, it's a power and a vision or prophecy>"
- "A funneral for a sheriff"

After Theiring became a suspect, his DNA was matched with DNA recovered from tape found from the explosion sites. On April 1, 2016, BATFE obtained and executed a Federal search warrant for the residence of David Theiring. Law enforcement recovered numerous items of evidentiary value from Theiring's residence, which included the two firearms named in count three of the proposed indictment, multiple rounds of ammunition, pvc piping, epoxy, welding compound, pipe compound, metal pipe with end cap, drills, saw blades, and numerous liquids.

At the time of the search, Theiring was a convicted felon.

### b. History and Characteristics of the Defendant

Defendant grew up in a two-parent household in Madison, Indiana, and still remains in frequent contact with his parents. Defendant described this as a low-income household, where both parents worked to support the family. Defendant's parents did not abuse alcohol or drugs, and he suffered no abuse from them. Defendant claims he grew up in the country and participated in various sports. Despite this stable upbringing, which many defendants before this Court lack, Defendant has still chose this path of substance abuse and potential violence.

#### i. Criminal History

It is clear that Defendant possesses a lack of respect for the law. Though his criminal history is minimal, Defendant has shown his lack of respect by means of lying to law enforcement, refusing to comply, or trying to escape. In 2007, Defendant was convicted of his second Possession of Marijuana felony conviction along with Resisting Law Enforcement (by

fleeing). Defendant had been evicted from his home but repeatedly ignored law enforcement and acted as if he was not home when they came to serve him the eviction paperwork. Further, Defendant refused to comply with a Federal search warrant for his DNA at the time of his arrest.

### 1. Substance Abuse

Defendant has two prior felony convictions for Possession of Marijuana. He was a daily marijuana abuser until his arrest. Defendant had even attended classes to help with his sobriety but stated the classes were not beneficial because he "had no desire to stop using drugs." Defendant was further diagnosed with cannabis use disorder based on his self-reported history of daily marijuana use since 18. Defendant clearly has not only behavioral issues, but also issues with remaining sober. He has shown no indication of resolving these issues. That must change if this cycle of drug use and potential violence is to ever end.

### 2. Potential for Violence

Defendant's threat of potential violence to intimidate the last common theme. In this case, Defendant took to social media to express his hatred with a Judge he had never met and a police force who were merely trying to do their job. This started out as threats on social media and at times inferred violence toward the Judge and police officers. It escalated quickly with the detonation of two pipe bombs.

### ii. History of Substance Abuse

Defendant's reported drug use shows that it goes far beyond his prior drug convictions. He has abused alcohol and marijuana regularly.

### iii. Work History

Defendant's employment history is sporadic. Though Defendant is clearly able-bodied, he was self-employed at the time of his arrest and his employment history shows a pattern of

quitting or being fired. Defendant must put in the effort to obtain a skill or trade while in custody of the Bureau of Prisons. If not, he will not have the stability to remain outside the criminal justice system.

### c. Reflect the Seriousness of the Offense

Defendant not only taught himself how to make an explosive device; he detonated two of them on the property of individuals whom he believed wronged him. Defendant wanted to do harm and hurt someone. Defendant's own social media posts indicated he had no intention of stopping and potentially creating more harm. Firearms present a deadly combination that result in the deaths of thousands of people throughout the country every year. Firearms in the hands of convicted felons only increases this inherent danger. Firearms *and* explosives are a disaster in the making. Again, Defendant had never even met his intended victims. To carry out an act of such potential violence against those he *thought* had wronged him is inexcusable. As such, a sentence of 87 months would adequately reflect the seriousness of the offense.

### d. Promote Respect for the Law

A sentence of 87 months is necessary to promote respect for the law. As noted above, it is clear that Defendant little respect for the law. Furthermore, Defendant's own victims in these offenses are individuals who were trying to uphold the law and do their job. A sentence of 87 months is necessary to send the message to Defendant that the law is to be respected and followed. If he does not receive that message, it is only a matter of time until he is back before this Court or some other state court in the Southern District of Indiana and elsewhere. Accordingly, 87 months is the proper sentence.

  **e. Provide Just Punishment for the Offense**

  Truthfully, just punishment for these offenses is much more than 87 months. Taking into account Defendant's substance abuse, criminal history and his mental health, just punishment for Defendant is a term of imprisonment of 87 months. Defendant has not served a year in jail for his past crimes. Defendant does not deserve anything less than a guideline sentence in this case.

  **f. Afford Adequate Deterrence**

  A sentence of 87 months is necessary to not only deter Defendant but also to deter others in the Southern District of Indiana who consider detonating explosives as revenge and then possessing a firearm even though one is a convicted felon. If Defendant were to receive a sentence under the guideline range, he would fail to fully comprehend the repercussions for his criminal actions. Defendant's chances have run out. Only a lengthy term of imprisonment will adequately deter him in the future.

  **g. Protect the Public from Further Crimes of the Defendant**

  A term of imprisonment of 87 months is necessary to protect the public from further crimes of Defendant. Defendant made it very clear he intended to keep going after his victims. His substance abuse, mental health issues and anger are just a recipe for disaster. A substantial term of imprisonment is the only way to protect the public from Defendant's future crimes.

  **h. Avoid Unwarranted Sentencing Disparities**

  The sentence recommended by the guidelines is a factor that the sentencing court is required to consider pursuant to 18 U.S.C. § 3553(a)(4)(A). A sentence consistent with the guidelines generally will avoid unwarranted disparities among defendants with similar records who have been found guilty of similar offenses. Though his mental health history is a factor, Defendant also did not cooperate with law enforcement.

WHEREFORE, based on the foregoing, the United States respectfully requests that the Court impose a sentence within the guidelines as calculated by the Court for a term of imprisonment of 87 months.

        Respectfully Submitted,

        Josh J. Minkler
        United States Attorney

By:   s/Lauren Wheatley
        Lauren Wheatley
        Assistant United States Attorney
        Lauren.Wheatley@usdoj.gov

### **CERTIFICATE OF SERVICE**

I hereby certify that on **March 19, 2019,** the foregoing Government's Sentencing Memorandum was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system

  Larry Simon
  Attorney at Law

By:   s/Lauren Wheatley
        Lauren Wheatley
        Assistant United States Attorney
        101 Martin Luther King BLVD, Federal Building
        Evansville, IN  47708
        Phone:  (812) 465-6475
        Fax:  (812) 465-6444
        Lauren.Wheatley@usdoj.gov